IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHERILYN KELLOGG (n.k.a. WORSLEY),<br><br>                      Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY; and PFIZER ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE PLAN,<br><br>                      Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:06CV610 DAK |

This matter is before the court on remand from the Tenth Circuit Court of Appeals and on Plaintiff's Motion for Award of Prejudgment Interest for Award of Attorney Fees.  The court carefully considered the memoranda and other materials submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).   Now being fully advised, the court renders the following Memorandum Decision and Order.

The Tenth Circuit reversed this court's grant of summary judgment in favor of Defendants and instructed this court to enter judgment in favor of Plaintiff and to consider her request for attorneys' fees and prejudgment interest.

## I. PREJUDGMENT INTEREST

The court must determine whether Plaintiff is entitled to prejudgment interest on her benefits. In ERISA cases, the court may award prejudgment interest to "make persons whole for the loss suffered because they were denied use of money to which they were legally entitled." *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1286 (10th Cir. 2002). It is well established in the Tenth Circuit that an award of prejudgment interest is appropriate in ERISA cases where state statutes provide for such payment. *Allison v BankOne-Denver*, 289 F.3d 1223, 1243-44 (10th Cir. 2002); *Weber v. GE Group Life Ass. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008) (affirming trial court's use of state's 15% prejudgment interest rate, even when that rate exceeded market rates). Utah Code Annotated §15-1-1(2) states that: "Unless parties to a lawful contract specify a different rate of interest, the legal rate of interest for the loan or forbearance of any money, goods, or chose in action shall be 10% per annum."[1]

A two-step analysis governs the determination of such an award: "The district court must first determine whether the award of prejudgment interest will serve to compensate the injured party. *Omasta v. The Choices Benefit Plan*, 352 F. Supp. 2d 1201, 1212 (D. Utah 2004) (Stewart, J) (prejudgment interest is "necessary to compensate the injured party"). Second, even

---

[1] The State of Utah has made clear its intent that individuals who have had their life insurance benefits wrongfully denied should have the benefit of payment of interest on those funds at rates even greater than the rate authorized by U.C.A. §15-1-1. Utah Code Annotated §31A-22-428 provides for payment of interest at 10% plus the two-year Treasury bill rate on all wrongfully delayed life insurance claims on all policies delivered after May 5, 2008. While this rate does not apply to Plaintiff's claim, it further demonstrates that an award of 10% is not excessive.

if the award of prejudgment interest is compensatory in nature, the district court must still determine whether the equities would preclude the award of prejudgment interest." *Caldwell*, 287 F.3d at 1286 (internal quotes and citations omitted).

Here, the award of prejudgment interest will serve to compensate Plaintiff for the loss of the use of the AD&D benefits that she should have received.  In addition, the court finds that the equities don't preclude the award of prejudgment interest.  Plaintiff has been left without life insurance funds for herself and her four minor children for over four years.

In addition, the Tenth Circuit has determined that prejudgment interest should run from the date the claim for benefits was first filed. *Caldwell*, 287 F.3d at 1287.  Here, the claim was filed on February 9, 2005.  Therefore, Plaintiff is entitled to prejudgment interest at a rate of 10% per year, beginning on February 9, 2005.

## II. ATTORNEY FEES & COSTS

*A. Attorney Fees*

An award of attorney fees and costs under ERISA is wholly within the court's discretion, 29 U.S.C. § 1132(g)(1).  The court is mindful that courts should not, however, grant attorney's fees under ERISA as a matter of course. *McGee v. Equicor-Equitable HCA Corp.,* 953 F.2d 1192, 1209 (10th Cir. 1992).  Rather, the court should consider the following "nonexclusive list of factors" when determining whether to grant attorney fees and costs under § 1132(g)(1):

> (1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending party to satisfy an award of attorney fees; (3) whether or not an award of attorney fees against the offending party would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties'

positions.

*Deboard v. Sunshine Mining and Refining Co.,* 208 F.3d 1228, 1244 (10th Cir.2000). "[T]he five . . . factors are merely guidelines, and while courts need not consider each factor, no single factor should be held dispositive." *McGee,* 953 F.2d at 1209 n.17.

Regarding the first factor, while the court cannot find that Defendants acted in bad faith, they do have some culpability because of the procedural irregularities involved in this case.[2] The Tenth Circuit pointed out in its decision that the procedural irregularities in MetLife's handling of Ms. Kellogg's claim were significant: "[T]here can be little doubt that MetLife was not in 'substantial compliance' with the ERISA deadlines. Indeed, there was no compliance at all . . . ."

As to the second factor, MetLife is one of the major insurers in the country and it is certainly in a position to pay any award of attorney fees that this court assesses. While its ability to pay is not a determinative factor, it is one factor that militates in favor of awarding fees.

With regard to the third factor, the court finds that the award of fees would have a deterrent effect on other plans and plan administrators under similar circumstances. As the Tenth Circuit stated, to overlook or excuse MetLife's conduct "would provide plan administrators with an incentive to violate the provisions of ERISA by ignoring requests by plan participants and beneficiaries for plan documentation and other relevant information." *Kellogg*, 549 F.3d at 827. An award will have some deterrence value in encouraging administrators and fiduciaries to meet plan deadlines.

---

[2] The Plan is a nominal defendant that did not actively participate in the events at issue in this case.

The court also finds that the willingness of Plaintiff to take this case to the Tenth Circuit and obtain a favorable, precedential ruling on the importance of plan fiduciaries complying with ERISA's claims procedure requirements will almost certainly confer a benefit on other ERISA plan participants and beneficiaries in the Tenth Circuit.  Therefore, in light of these factors, the court finds that an award of attorney's fees is appropriate in this case.  Plaintiff has sought $75,377.50 in attorney fees, which amount the court finds to be reasonable.

*B.  Costs*

With respect to costs, 28 U.S.C. § 1920 sets forth those items which may be taxed as costs in this ERISA action.  *See Allison,* 289 F.3d at 1248-49; *Holland v. Valhi, Inc*., 22 F.3d 968, 979-980 (10th Cir. 1994).  This court "has no discretion to award items as costs that are not set out in section 1920." *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir, 2005).  Defendants argue that of the requested costs, $848.50 are not recoverable under § 1920, and Plaintiff has not argued to the contrary.   Therefore, the court will award costs in the amount of $1,716.97.

### III.  CONCLUSION

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's Motion for Award of Prejudgment Interest and for Award of Attorney Fees [docket #48] is GRANTED.  The clerk of court is directed to enter judgment in favor of Plaintiff, Ms. Cherilyn Kellogg (n/k/a Cherilyn Worsley).  Plaintiff is also awarded prejudgment interest in the amount of 10% per year, beginning on February 9, 2005.   In addition, Plaintiff is awarded $75,377.50 in attorney fees and $1,716.97 in costs.   This case is now closed.

DATED this 21st day of September, 2009.

>BY THE COURT:
>
>*[signature: Dale A. Kimball]*
>
>DALE A. KIMBALL
>United States District Judge